## COMMERCIAL PACIFIC CABLE COMPANY *vs.* THE STEAMSHIP MANCHURIA.

### December 7, 1906.

*Pleading—Allegation of answer in mitigation of damages—Exception:*
The answer alleged among other matters that assistance furnished by libelant through its steamship to libellee while in a perilous situation, was understood both by the claimant and its representative and by the libelant to be in the nature of a special and personal favor to the claimant and its representative and not as a rendering of salvage services, and that such matter is pleaded in mitigation of damages. *Held*, on exception, that such allegation offers no basis for mitigation of damages.

*In Admiralty*: Exceptions to answer.

*Ballou & Marx*, Proctors for Libelant.
*Kinney, McClanahan & Derby*, Proctors for Libellee.

DOLE, J. The libelant excepted to a portion of the answer of the intervenor and claimant. The portion excepted to is as follows:

"And in this connection claimant alleges that on the evening·of said August 20th its agents asked those in charge of said Restorer whether it would be possible to use said Restorer to assist said Manchuria, that those in charge of said Restorer replied that it would not be possible without cabled instructions from home, that the claimant thereafter and on August 21st, 1906, sent a cable to Mr. E. H. Harriman, its representative in New York, a man well known there and of large interests, to see if he could make arrangements for the use of said Restorer; that the libelant herein was under certain obligations to said Harriman and to the claimant herein and said Harriman felt that said libelant would be anxious to oblige him and said claimant, that said Harriman thereupon informed libelant by telephone that he would appreciate assistance to said Manchuria by said Restorer, to which message libelant later replied that it had cabled to its agents in Honolulu to assist said Manchuria with said Restorer; that said Restorer proceeded to said Manchuria solely because of said cable from libelant in New York. And the claimant in this connection further alleges that the use of said Restorer was considered by the libelant, the claimant and said Harriman as in the nature of a special and personal favor to said claimant and said Harriman, and not as an agreement or contract for the performance of salvage services and was so understood by libelant, and that had the claimant or said Harriman believed that said Restorer would make any claim to salvage said Restorer would not have been used by the claimant, since her use could have been easily dispensed with, all of which matters the claimant sets up in mitigation of damages."

The ground of exception is that the matters excepted to do not constitute any defense or properly affect the measure of damages and cannot properly be set up in mitigation of damages.

While it is clear from the authorities that an agreement for services connected with assisting a vessel in distress is no defense to a libel for salvage unless the contract is "to pay a given sum for the services to be rendered or a binding engagement to pay at all events whether successful or unsuccessful in the enterprise," (*The Camanche,* 75 U. S. 448, 477; *The Excelsior,* 123 Id. 40, 49) the matter excepted to raises a some-

what different question. This is shown by the following words: " The claimant in this connection further alleges that the use of said Restorer was considered by the libelant, the claimant and said Harriman as in the nature of a special and personal favor to said claimant and said Harriman and not as an agreement or contract for the performance of salvage services and was so understood by the libelant." This expression is further explained by other words in the excepted matter as follows: " The libelant herein was under certain obligations to said Harriman and to the claimant herein and said Harriman felt that said libelant would be anxious to oblige him and said claimant, that said Harriman thereupon informed libelant by telephone that he would appreciate assistance to the said Manchuria by said Restorer to which message libelant later replied that it had cabled to its agents in Honolulu to assist said Manchuria with said Restorer."

It is a well established principle in law and equity that no financial obligation is incurred by the recipient of services that are gratuitous. " The principle is by no means limited to cases of express agreement that no compensation shall be made, but extends to cases where from the acts of the parties and the surrounding circumstances it is apparent that the party by whom the services were rendered did not intend to charge therefor and the party for whom they were rendered accepted them in reliance upon such intention." 2 *Page on Contracts,* sec. 777, p. 1176; *Potter v. Carpenter,* 76 N. Y. 157, 159-160; *Allen v. Bryson,* 67 Iowa, 591, 596. The matter excepted to alleges that the use of the Restorer was considered not only by the claimant and said Harriman but also by libelant as in the nature of a special and personal favor to said claimant and Harriman and not as an agreement for the performance of salvage services, and that it was on this basis only that the Restorer was used by the claimant.

I do not know of any reason why the principle of non-liability for gratuitous services does not apply in admiralty. If this engagement of the Restorer was, as alleged, an agreement

or understanding for the gratuitous services of the Restorer, the libellee should have the right to allege and prove it, as a defense in bar of the suit. It is not, however, pleaded in bar but in mitigation of damages. Why, if the theory of a gratuitous service is relied upon at all, should it not be relied upon as a complete defense? It is alleged that the libelant is a corporation of the State of New York and that Mr. Harriman is the representative of the claimant in New York; it is therefore evident that communication between them and the local agents of the parties was necessarily by telegraph and cable and that at that early period of the disaster exact information as to the extent and character of the assistance necessary under the circumstances was probably unobtainable, and therefore that while an understanding as to the gratuitous assistance on the part of the Restorer might have existed at that time in the minds of the parties, yet, at the subsequent time when the answer was made the detailed circumstances of the services of the Restorer in assisting in the work of extricating the libellee from its dangerous position, being probably available, such information may have influenced the claimant not to take full advantage of such alleged understanding but, considering the extent and danger of the services of the Restorer, was led to present such statement in mitigation only of damages instead of as a bar to the suit. If it had the right to plead the alleged understanding as a full defense, may it plead it in mitigation? I have been unable to find any precedent on such a question. If such alleged understanding is pleaded in bar of a suit, it raises a definite issue under which the case may be disposed of or go to trial on the other allegations of the answer, accordingly as the plea should be sustained or not; but as a plea in mitigation, if the allegation should be fully proved, what guide would it furnish to the court in its attempt to weigh the amount of mitigation which such an understanding might justify? I can find no answer to this question. Having decided not to plead such understanding as a bar to the suit, I do not see that the claimant can plead it for the

purpose of mitigation. It has in effect waived whatever advantages it might have been entitled to of using it as a complete defense, and cannot plead it in mitigation of damages.

The exception is allowed.